## O. D. SMITH v. STATE.

No. A-6076. Opinion Filed Aug. 18, 1927.
Rehearing Denied Oct. 22, 1927.
(260 Pac. 88.)

E. V. Rakestraw, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DOYLE, P. J. On information charging that in Kiowa county, August 27, 1925, he did have in his possession about 5½ gallons of whisky, with the unlawful intent to sell the same, O. D. Smith was tried and convicted, and his punishment fixed at a fine of $150 and confinement in the county jail for 30 days. The sole question presented on this appeal is the sufficiency of the evidence to sustain a conviction.

The testimony of Sam Standerfer, sheriff, and Jack Ball, his deputy, shows that on the day in question they were searching for a still on Longhorn creek, and found nine half-gallon jars full of whisky in a cotton field on the defendant's place, and found two more half-gallon jars 30 or 40 yards distant from the first, and noticed tracks leading to defendant's house. There was a motion for a directed verdict of acquittal, which was overruled.

As a witness in his own behalf the defendant testified that he lived 25 miles southeast of Hobart; that his house was located near the center of the farm, about 100 yards west of the creek; that the whisky in question was discovered across the creek; that the officers showed him where the whisky was found, and he observed tracks running west of the creek and then towards his house; then they went up the creek; that the whisky did not belong to him; that he did not know who placed it there. Three witnesses corroborated the defendant's statement that the tracks from the whisky was found turned up the creek.

An examination of the record shows that no objection was made or exception taken to any of the proceedings had in the course of the trial; that the instructions fully covered the law applicable to the case.

It was the province of the jury to pass on the credibility of the witnesses and the weight of the testimony,

and no doctrine is better settled that, when a jury finds a verdict of guilty, which is approved by the trial court, and there is substantial evidence to sustain the verdict, it will not be set aside, in the absence of prejudicial error.

The record discloses that the defendant had a fair trial, and the judgment of conviction is therefore affirmed.

EDWARDS and DAVENPORT, JJ., concur.